STATE EX REL. HOME BUILDING AND LOAN ASSO-
CIATION OF HELENA, RELATOR, *v.* ROTWITT,
SECRETARY OF STATE, RESPONDENT.

[Submitted February 14, 1896.   Decided February 24, 1896.]

OFFICERS—*Secretary of State—Discretion as to filing papers.*—The secretary of state has no discretionary power to look beyond the face of a paper properly presented to him for filing and to determine from matters outside of the paper itself that it should not be filed.

CORPORATIONS—*Capital stock—Certificate of increase—Duty of Secretary of State.*—The fact that the trustees of a corporation may have increased the capital stock of the company immediately after its incorporation for the purpose of evading the provisions of section 410, Political Code, providing for a fee of fifty cents on each one thousand dollars of the capital stock, upon the filing of the certificate of incorporation, does not authorize the secretary of state to refuse to file such certificate of increase. The right of the corporation to use its enlarged capital under such circumstances may be inquired into by the state in *quo warranto* proceedings.

ORIGINAL Proceeding. Application for writ of *mandamus* to compel the secretary of state to file a certificate of the increase of the capital stock of a corporation. Writ granted.

*Toole & Wallace*, for Relator.

The filing of the certificate of the increase of the capital stock in the office of the secretary of state was provided for by section 808 of the Civil Code. Where a public officer has been clothed with power to do an act concerning the rights of third persons, the exercise of the power may be insisted on as a duty. (*Mayor* v. *Furze*, 3 Hill 612; *Marberry* v. *Madison*, 1 Cranch (U. S.) 171, 173; *Wilson* v. *Neill*, 23 Fed. 129; *Carr*

v. *Northern Liberties*, 78 Am. Dec. 342, 346; *Cutter* v. *Howard*, 9 Wis. 309.) He was bound to receive and file this certificate unless he was entitled to demand $497.50 as a fee therefor. It is elementary law that a public officer cannot claim fees except pursuant to some plain statutory provision. (19 Am. & Eng. Enc. of Law, pp. 537, 538 and cases.) Section 410, Political Code, provides that "3. For receiving and filing each *certificate of incorporation* he shall charge and collect the sum of fifty cents on each one thousand dollars of the capital stock of the company or corporation." While the same section further provides: "12. For filing certificate of increase or decrease of capital stock, $5.00." Respondent insists upon his right to view this resolution or certificate of increase as a certificate of incorporation and to charge under the third subdivision of the section. To thus interpret the section would make subdivision 12 meaningless and idle, and so contradict the rule of interpretation laid down by the Code itself, requiring meaning to be given where possible to every word. (§§ 3134, 3135, Code of Civil Procedure.) While a discretionary power permits an officer to examine whether the act ought or ought not to be done, or whether it should be done in one manner or another, (1 Bouvier L. D., title "Deliberation"), a ministerial duty, on the other hand, must be performed in a given manner, on a given state of facts, without regard to his judgment of the propriety of the act being done. (*Flourney* v. *City of Jeffersonville*, 79 Am. Dec. 468.) And, too, a duty is said to be ministerial when an individual has such a legal interest in its performance that neglect becomes a wrong to him. (*Morton* v. *Comptroller*, 4 S. C. 431.) This paper containing the matter required to be stated in it by section 808 of the Civil Code was regular on its face, and when presented with the proper fee it became the absolute duty of the secretary to file it, regardless of any antecedent actions had in connection therewith, which latter actions could only become material when considering the legal rights that the corporation acquired, by the whole procedure of which the filing was but a step. (*People* v. *Miner*, 32 Barb. 612; *Bon-*

*ner* v. *Adams*, 65 N. C. 639.) This consideration could only be had in *quo warranto* proceedings instituted to determine the right of the corporation to enjoy the enlarged capital stock. The motives or purpose of the stockholders to evade the requirements of one provision of the law is utterly unimportant if the act done be simply that which another law expressly authorizes and permits. (*Townsend* v. *Bell*, 62 Hun. 312; *Clinton* v. *Myers*, 46 N. Y. 520; Endlich on Int. of Stats. § 144; *Woodbury* v. *Berry*, 18 Ohio St. 456; 23 Am. & Eng. Ency. of Law, 301, title, ''Literal Construction May Defeat.'')

*Henri J. Haskell*, Attorney General, for Respondent.

PEMBERTON, C. J.—This is an application for a writ of *mandamus*. The relator is a corporation, organized pursuant to the provisions of article 2, title VI, pt. 4, div. 1, of the Civil Code of Montana. It was organized with a capital stock of $5,000. The affidavit alleges a full compliance with the statute in relation to the organization of such corporations. After due organization of the corporation, the trustees met, in pursuance of section 807 of the Civil Code, and unanimously passed a resolution increasing the capital stock thereof to $1,000,000, divided into 10,000 shares of $100 each. One copy of the resolution increasing the capital stock of the corporation was presented to the clerk and recorder of Lewis and Clark county, and by him received and filed. A duly certified copy of said resolution was presented to the respondent, together with a fee of $5, with a request that he, as secretary of state, file the same in his office, in accordance with the provisions of subdivision 12, sec. 410, of the Political Code. The respondent, as secretary of state, refused to receive and file in his office said resolution increasing the capital stock of the corporation.

The respondent refused to receive and file said resolution, increasing the capital stock of the corporation, because, he says, the corporation ''was incorporated with a capital stock of $5,000 in the month of November, 1895, and immediately

thereafter said corporation, by their trustees only, voted to increase the capital stock to $1,000,000, all of which was done for the purpose of evading the provisions of section 410 of the Political Code, thereby saving to such corporation the payment of the fee of 50 cents on each $1,000 of the capital stock of said company or corporation over and above the payment of the fee of 50 cents on the original capital stock."

The evidence taken by the referee shows that all the stockholders of the corporation, at a meeting regularly called, voted for the resolution.

The only question to be considered is whether the respondent, as secretary of state, had any discretionary power to look beyond the face of the paper presented, and to determine, from matters outside of the paper itself, whether he would file it or not. It is not denied that the paper presented for filing contained the matter required to be stated in it by section 808 of the Civil Code, and was regular on its face. The proper fee was tendered with it.

We think the respondent's duty in the premises was simply ministerial. To go beyond the face of the paper, and inquire into and determine the motives of the relator, or its trustees or stockholders, would be to act judicially. The respondent, we think, had no authority to do so.

We think these matters could only be inquired into, and determined by *quo warranto* proceedings, instituted by the state, to determine the right of the corporation to use and enjoy its enlarged capital.

It is ordered that the writ of mandate issue as prayed for.

*Writ granted.*

DE WITT and HUNT, JJ., concur.